

**ORDERED in the Southern District of Florida on December 12, 2018.**

Robert A. Mark, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| In re: | CASE NO. 17-17333-RAM |
| | CHAPTER 13 |
| LORENZO J. AGUERO, | |
| | |
| Debtor. | |

**ORDER OVERRULING OBJECTION TO CLAIM**

If a secured creditor files a proof of claim in a chapter 13 case that reserves the right to amend to seek a deficiency if the collateral is liquidated, should the Court allow the amended claim for an unsecured deficiency even if the amended claim is filed after confirmation? While recognizing that this type of post-confirmation amended claim should not always be allowed, the Court finds that in

this case, allowing the amended claim benefits the Debtor with minimal, if any, prejudice to other creditors.

<u>Procedural and Factual Background</u>

The Court conducted a hearing on August 14, 2018, on the Trustee's Objection to Claim [DE# 102], objecting to the amended proof of claim (the "Amended Claim") filed on May 9, 2018 by World Omni Financial Corp. ("World Omni") [Claim 1-2]. World Omni's Amended Claim is an unsecured claim for $9,959.59, representing the deficiency remaining on a car loan when the car was repossessed and sold after the filing of this case. *See* World Omni's Repossession Account Statement [DE# 107-4]. Following the hearing, both World Omni and the chapter 13 Trustee (the "Trustee") filed supplemental memoranda [DE#s 107 and 108].

World Omni filed a timely proof of claim on August 3, 2017 (the "Original Claim") [Claim 1-1]. The Original Claim was filed as a $25,867.11 secured claim, but expressly stated that "Creditor reserves the right to amend its claim to seek a deficiency balance, if any, in the event Creditor's collateral is liquidated." Original Claim, ¶ 7.

The vehicle at issue was purchased by the Debtor less than 910 days before the petition date. As such, under the so-called hanging paragraph placed at the end of 11 U.S.C. § 1325(a), section 506 of the Bankruptcy Code does not apply and the Debtor was required to treat the car debt as fully secured. The Debtor chose to do so by

providing for direct payments to World Omni outside the Debtor's chapter 13 plan [DE# 82].  The February 28, 2018 Confirmation Order [DE# 95] granted World Omni *in rem* stay relief because the car debt was not being treated in the plan.

On April 2, 2018, less than two months after confirmation, the car was repossessed.  The car was sold on April 20, 2018, and three weeks later World Omni filed its Amended Claim for the deficiency that remained after applying the sale proceeds to the total debt. At the August 14th hearing on the Trustee's Objection, World Omni stipulated that if its Amended Claim is allowed, it would only seek pro rata payment of future distributions to unsecured creditors under the plan.  This concession was not necessary because the plan does not provide for any payments to unsecured creditors until the final month of the plan.

## Discussion

The Trustee argues that the Amended Claim should be disallowed because it was filed after the bar date.  Alternatively, the Trustee argues that the Amended Claim should be disallowed because the confirmed plan provided for direct payments to World Omni outside of the plan and therefore, World Omni should not be permitted to participate in plan distributions to unsecured creditors.

Whether the Court will allow World Omni's Amended Claim depends on (i) whether the Amended Claim is a true amendment as opposed to a new claim, and (ii) whether the Court will allow a post-

3

confirmation amendment.   In *International Horizons*, the Eleventh Circuit laid out the framework for deciding whether an amendment to a proof of claim should be allowed. *United States v. International Horizons, Inc.* (*In re International Horizons, Inc.*), 751 F.2d 1213 (11th Cir. 1985).  The Circuit recognized that, traditionally, a court's inquiry should be focused on fair and timely notice to other interested parties, like the debtor, the chapter 13 trustee, and other creditors whose plan treatment will be impacted by allowance of an amendment. *Id.* at 1217.  World Omni easily satisfies these traditional considerations because World Omni expressly reserved the right to assert an unsecured deficiency claim in its timely-filed Original Claim.

However, *International Horizons* did not rest exclusively on the historical standard for evaluating whether a claim amendment should be allowed.  The Eleventh Circuit articulated its own standard as follows:

> [I]n a bankruptcy case, amendment to a claim is freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim.  Still, the court must subject post bar date amendments to careful scrutiny to assure that there was no attempt to file a new claim under the guise of amendment.

*Id.* at 1216-17 (internal citations omitted).

Two threshold considerations from the standard set forth above must be satisfied before the Court can assess the equities in this

4

case. First, does the Amended Claim plead a new theory of recovery on the facts set forth in the Original Claim? And second, is the Amended Claim merely an attempt to file a new claim under the guise of amendment?

Pleading a new theory of recovery is the only one of the three grounds for amending a claim that might apply in this case. Some courts have concluded that seeking allowance of an unsecured deficiency claim is more than pleading a new theory of recovery – it is asserting a new claim. *In re Jackson*, 482 B.R. 659, 665 (Bankr. S.D. Fla. 2012) ("The filing of an unsecured deficiency claim for the first time after the bar date cannot be an amendment to a timely filed, wholly secured claim; it is a completely new claim"). The *Jackson* decision cited *In re Matthews*, 313 B.R. 489, 494 (Bankr. M.D. Fla. 2004) ("the attempt to change the status of a claim from secured to unsecured is not considered an amendment, in the traditional sense, that is to be freely allowed").

In both *Jackson* and *Matthews*, the original claims were filed solely as secured claims with nothing in the claim referring to or preserving a potential deficiency claim. In fact, the *Matthews* court specifically acknowledged that the result would have been different if the original claim had reservation language. *In re Matthews*, 313 B.R. at 494 ("If the secured creditor wants to receive something more than its collateral value—a distribution on a deficiency under a confirmed plan—it must timely file either an

5

unsecured proof of claim or a secured claim with a clear reservation of the right to file a deficiency claim." (internal citation omitted)).[1]

Other courts have allowed amended claims that seek a deficiency if the original claim reserved that right. *See In re Winters*, 380 B.R. 855 (Bankr. M.D. Fla. 2007) (analyzing *Matthews* and other cases involving reservation of rights in an original proof of claim, and allowing an amended deficiency claim that was filed six months after confirmation of a chapter 13 plan). This Court agrees and concludes that World Omni preserved the right to pursue a deficiency claim by the clear reservation of rights language included in the Original Claim.

The remaining issue is the timing of the Amended Claim. Specifically, even though the Amended Claim asserts an unsecured claim that was properly preserved, should the Amended Claim be disallowed because it was filed after confirmation of the Debtor's plan?

In *International Horizons*, the Eleventh Circuit analyzed the timeliness of an amended claim by reference to the bar date for filing proofs of claim. With regards to the extra scrutiny proscribed for untimely amendments, the Eleventh Circuit counsels

---

[1] Although it was dicta, it appears that the *Jackson* court would not have allowed a post bar date amendment even if the original claim included a reservation of rights. 482 B.R. at 666-67. This Court disagrees with that view.

courts to ensure only that the amendment is not a thinly-veiled attempt to sneak in a new claim. *International Horizons*, 751 F.2d at 1216-17.  The Eleventh Circuit did not address whether the filing of an amended claim after confirmation of a chapter 13 plan was an additional factor courts should consider.

The Trustee argues that the post confirmation Amended Claim is barred by the *res judicata* effect of the confirmation order.  The Court disagrees.  The confirmation order granted World Omni *in rem* stay relief "to pursue available state court remedies against [the Vehicle]" [DE# 95, p. 2, par. 4].  It did not grant stay relief to pursue a deficiency claim.  Moreover, the Plan does not preclude the Trustee from making payments to World Omni on a later allowed unsecured claim.  It simply says that secured creditors who will receive direct payments outside of the plan shall not receive a distribution from the Trustee on their <u>secured</u> claims [DE# 82, p. 2, § E].

The chapter 13 trustee has also argued that laches should bar the allowance of the Amended Claim [DE #108] (citing *Abramson v. Superintendence Co.* (*In re Casco Chemical Co.*), 335 F.2d 645, 651 (5th Cir. 1964)).  The Court agrees that, in some cases, laches could bar allowance of a post-confirmation amended claim if allowing the claim would be extremely prejudicial to other unsecured creditors who accepted the plan.  However, the Court declines to adopt a bright-line rule disallowing all amendments to claims that

7

are filed after confirmation of a chapter 13 plan. Instead, the Court finds that post-confirmation claim amendments must be evaluated on a case-by-case basis. A bankruptcy court is first and foremost a court of equity. Even the Eleventh Circuit's analysis in *International Horizon* begins from that starting point. *International Horizons*, 751 F.2d at 1216.

In this case, the equities favor World Omni. World Omni acted promptly to preserve its deficiency claim. It filed the Amended Claim within a month of selling the Debtor's car and less than three months after confirmation of the Debtor's chapter 13 plan. Moreover, allowing World Omni to share in distributions to unsecured creditors will not impose any burden on the chapter 13 trustee or have any significant impact on the other unsecured creditors. The Debtor confirmed a three-year plan comprised of thirty-six monthly plan payments beginning in 2017 [DE #82, 95, 99]. The sole payment earmarked for unsecured creditors is the Debtor's final plan payment, which is not yet due.

More specifically, unsecured creditors will receive only one distribution, a pro rata share of $494.27 due from the Debtor in 2020. Inclusion of World Omni in the unsecured creditor class does not render the Debtor's plan unfeasible. It merely increases the pool of creditors that will share in the Debtor's $494.27 pot. Although this will slightly decrease the amount that unsecured creditors otherwise would receive, no unsecured creditor has

8

objected to allowance of World Omni's Amended Claim, and any minimal prejudice that such creditors might suffer is outweighed by the significant benefit to the Debtor of discharging a nearly $10,000 deficiency claim.

World Omni argues alternatively that its deficiency claim should not be deemed discharged upon completion of the plan if its Amended Claim is disallowed. *See In re Park*, 532 B.R. 392, 392-393 (Bankr. M.D. Fla. 2015) (If a secured creditor is treated outside the plan, a deficiency claim that arises from liquidation of the collateral is not discharged under 11 U.SC. § 1328). The Trustee makes this same argument in her memorandum in support of the Objection to Claim [DE# 108, p. 2].

This Court does not adopt or reject the *Park* holding in this Order because the Amended Claim will be allowed and discharged if the Debtor completes his plan. Certainly, if *Park* is right, this is a better result for the Debtor than the possible alternative of facing collection on a nearly $10,000 claim when he emerges from bankruptcy.

Therefore, it is –

**ORDERED** as follows:

1.    The Trustee's Objection to Claim is overruled.

2.    World Omni's Amended Claim is allowed as an unsecured claim in the amount of $9,959.59 and will share pro rata in the

single distribution to unsecured creditors in month 36 of the
confirmed plan.

###

COPIES TO:

Christina V. Paradowski, Esq.
Jesse R. Cloyd, Esq.
TRIPP SCOTT, P.A.
110 SE 5th Street
15th Floor
Ft. Lauderdale, FL  33301
(Counsel for Creditor, World Omni)

Nancy K. Neidich, Chapter 13 Trustee
P.O. Box 279806
Miramar, FL  33027-9806

Desiree Calas-Johnson, Esq.
Mary Reyes, Esq.
782 NW 42nd Avenue
Suite 447
Miami, FL  33126
(Counsel for Debtor)